IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLASSEN IMMUNOTHERAPIES, INC.,   *

    Plaintiff,   *

v.   *   Civil No. WDQ-04-3521

ELAN PHARMACEUTICALS, INC.,   *

    Defendant.   *

                    *   *   *   *   *   *

## REPORT AND RECOMMENDATION

On July 30, 2015, the Court referred this case to me for a report and recommendation on the proposed schedule set forth in the parties' joint status report (ECF No. 234) filed on July 22, 2015. (ECF No. 236.) On September 22, 2015, I held an informal telephone conference with the parties in order to clarify the issues that are in dispute.

After discussing this issue with the parties, it appears that there is general agreement on how the Court should proceed in this case. First, the parties agree that the only issue presently before the Court for consideration[1] has already been briefed by the parties in connection with the Court's Memorandum Opinion and Order dated August 17, 2006 (ECF Nos. 166 & 167). The parties disagree whether the Court actually addressed this issue in its previous opinion. In any event, if the Court finds that the memoranda previously submitted by the parties are sufficient for a fair consideration of the issue (including the parties' memoranda regarding reconsideration), the parties agree that no further briefing is required.

---

[1] The issue before the Court on remand is whether Elan's "post-submission activities constituted infringement of the '472 patent or whether they were exempt under the safe harbor." *Classen Immunotherapies, Inc. v. Elan Pharmaceuticals, Inc.*, 786 F.3d 892 at 898-99 (Fed. Cir. 2015).

Second, the parties agree that if the Court finds that additional briefing is required, they will not seek to include new expert opinions in their briefs. That is, they will incorporate the expert opinions that they previously obtained during discovery in this case. By this agreement, the need to reopen fact or expert discovery is obviated.

Third, while the parties do not agree on the necessity for a hearing (Plaintiff Classen states that a hearing would be useful; Defendant Elan states that a hearing is unnecessary), they do not dispute that Court has discretion to decide whether to hold a hearing. *See* Loc. R. 105.6 ("Counsel may (but need not) file a request for hearing. Unless otherwise ordered by the Court, however, all motions shall be decided on the memoranda without a hearing.").

Accordingly, I recommend that the Court entertain summary judgment as recommended by Elan in the joint status report (ECF No. 234 at 3). Given the amount of time that has passed since the Court's previous opinion, I recommend that the Court order the parties to file summary judgment motions that specifically address the issue remanded to the Court for consideration by the Federal Circuit. *See Classen Immunotherapies, Inc.*, 786 F.3d at 898-99. The parties should not be permitted to include expert opinions or reports in support of their motions that were not previously obtained during discovery. If both parties intend to move for summary judgment, the motions should be filed in compliance with Local Rule 105.2.c.[2]

---

[2] Local Rule 105.2.c provides:

> In a two-party case, if both parties intend to file summary judgment motions, counsel are to agree among themselves which party is to file the initial motion. After that motion has been filed, the other party shall file a cross-motion accompanied by a single memorandum (both opposing the first party's motion and in support of its own cross-motion), the first party shall then file an opposition/reply, and the second party may then file a reply. If more than two (2) parties intend to file motions in a multi-party case, counsel shall submit a proposed briefing schedule when submitting their status report.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).


<u>September 23, 2015</u>     　　　　　　　　　　<u>         /s/                        </u>
Date                                             Timothy J. Sullivan
                                                 United States Magistrate Judge